McBRIDE, Judge.
During the period between June 1, 1954, and July 1, 1959, plaintiff was the lessee and occupant of the three upper floors of an old brick building designated as No. 509 St. Louis Street, under a written lease entered into with defendant as owner, which included the furnishings and fixtures contained in the premises as per an inventory annexed to and made part of the lease. The premises were to be used as a hotel or rooming house, *886 and it appears that plaintiff catered almost exclusively to seamen and transients.
The lessee deposited $1,000 in cash with the lessor to “insure and guarantee the return of the furnishings in good order, excepting ordinary wear and tear, to Lessor at the termination” of the lease.
Upon termination defendant failed to return the $1,000, hence this suit by plaintiff therefor, to which the defense is made that plaintiff is not entitled to the deposit because he breached the terms and conditions of the lease in that he failed to maintain the leased premises and its contents in like good condition as when received by him and permitted the property to rot, decay and deteriorate, which damaged defendant to the extent of $5,385, plus attorney’s fees, for which a demand in reconvention is made.
Plaintiff recovered a judgment for $1,000, and the reconventional demand was dismissed. Defendant appealed.
The brick building is located in the Vieux Carre. Previous to defendant’s acquisition thereof in 1949, it had been used in the operation of a hotel. The building was unfurnished when defendant bought it, but she equipped it with furniture and fixtures and conducted a hotel business there until May 1954 when she entered into the lease with plaintiff.
Testimony in the record shows that on the termination date a joint inspection of the premises and furnishings was made by plaintiff and defendant in order to determine the condition thereof, after which defendant expressed satisfaction that the premises were being returned to her in like good order as when received by plaintiff and that all of the inventoried furnishings were accounted for and were in the same condition as when received, ordinary wear and tear excepted. Furthermore, uncontradict-ed testimony shows that some few days previous to the termination date, defendant telephoned plaintiff and made a proposal for the return of the deposit whereby defendant would return only $600 in cash and would give plaintiff her note for the balance of $400. On the day the leased period ended, when plaintiff asked for the return of his deposit, defendant answered that she was too tired from the day’s activities to write out a check, but promised she would deliver a check to him the next day.
We see absolutely no necessity for detailing any other testimony, and our appreciation of the evidence as a whole, when the nature of the hotel and the type of its. patrons is considered, is that the furnishings which were in use for ten years had suffered deterioration only from normal use, wear and tear and not from abuse or misuse, and there is no legal ground upon which to permit defendant’s withholding plaintiff’s money.
With respect to the contention that the lessee failed to maintain the premises in accordance with his obligation, the testimony, which is substantiated by the photographs filed in evidence, reveals that the principal defects resulted from water damage. On two occasions fire occurred in the premises and the fire department utilized water in quenching the fire, hence the damage. While the lease provided the lessee assumed responsibility for the condition of the premises, the lessor specifically bound herself to make such repairs as were rendered necessary by fire or other casualty.
There is no evidence in the record tending-to show that the fires were caused through any negligence on the part of plaintiff, and in the absence of such showing he cannot beheld liable for the fire and water damage. The burden of proof rested on defendant to-show fault in plaintiff if fault there was.
Other defects in the premises pointed out by defendant seem to have arisen from natural and to be expected deterioration.
Defendant’s evidence made no favorable-impression on the trial judge nor does it impress us, and failing to find error in the: judgment appealed from, it is affirmed.
Affirmed.